Filed 5/5/21  P. v. Young CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B303532 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA175745 |
| v. | |
| DORIS ANN YOUNG, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Michael Garcia, Judge.  Affirmed.

Daniel G. Koryn, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Michael R. Johnsen and Charles S. Lee, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant Doris Ann Young (defendant) appeals from the summary denial of her petition for resentencing under Penal Code section 1170.95.[1]  Defendant contends that the trial court prejudicially erred in finding defendant ineligible for relief without first appointing counsel and following additional procedures.  Finding no merit to defendant's contention, we affirm the order.

## BACKGROUND

### The 1999 conviction[2]

Around 11:30 one evening in October 1998, defendant was selling drugs in front of a hotel.  She sold Michael Belske three rocks of cocaine for $5 each; but, when Belske gave her $13, she complained, and he took back his money without returning the cocaine.  Defendant then followed Belske into the hotel deli, demanding that he pay her.  As Belske walked away, defendant took a knife from her pocket and stabbed him in the back.  Defendant then left him there and went up to her room in the same hotel.  Belske died of shock and blood loss as a result of the stab wound.

The trial court's minutes show that defendant was convicted after a jury trial of second degree murder.  The jury found true the allegation pursuant to section 12022, subdivision (b)(1) that defendant had used a deadly and dangerous weapon in the commission of the murder.  She was sentenced to a term of 15 years to life in prison.

---

[1]     All further statutory references are to the Penal Code.

[2]     We summarize the facts from our prior, nonpublished opinion affirming defendant's conviction in *People v. Young* (Nov. 7, 2000, B136500).

**The section 1170.95 petition**

In March 2019, defendant filed a petition for resentencing under section 1170.95. On the form petition, defendant checked the boxes for the allegations that she was convicted pursuant to the felony murder rule or the natural and probable consequences doctrine, that she was convicted of second degree murder under the second degree felony-murder rule or the natural and probable consequences doctrine, and that her murder conviction would be invalid under the "changes made to Penal Code, §§ 188 and 189, effective January 1, 2019." She also requested the appointment of counsel.

The prosecution filed written opposition to the petition and defendant, represented by the Office of the State Public Defender, filed a written reply. On November 8, 2019, the court considered both the prosecution's response and defendant's reply, took judicial notice of the appellate record *People v. Young*, *supra*, B136500, and denied the petition without issuing an order to show cause. The court found defendant ineligible for relief under section 1170.95, because she was convicted of murder as the actual killer and not under the natural and probable consequences doctrine.

Defendant filed a timely notice of appeal from the order denying her petition.

## DISCUSSION

Defendant first contends that the trial court prejudicially erred and violated her constitutional rights by denying her petition for resentencing without appointing counsel.[3] She

---

[3] Respondent points out that defendant was represented by counsel, although the record does not contain an order appointing counsel. Defendant's reply makes no mention of this observation.

3

argues that the allegations of her petition were sufficient, without more, to make a prima facie showing of eligibility for relief under section 1170.95, which entitled her to counsel, the opportunity for briefing and a hearing.  As defendant was in fact represented by counsel and briefing was considered by the trial court, we limit our discussion to defendant's contention that her petition and her counsel's brief were sufficient to establish a prima facie case for relief under section 1170.95, thus entitling her to a full hearing on the merits of her petition.

Defendant is entitled to a full hearing only if her petition has made a prima facie showing that she was entitled to relief. (See § 1170.95, subds. (c) & (d).)  A "'prima facie showing is one that is sufficient to support the position of the party in question.'" (*People v. Drayton* (2020) 47 Cal.App.5th 965, 977 (*Drayton*), quoting *Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 851.)  As relevant here, a person is entitled to relief under section 1170.95 if, (1) "[a] complaint, information, or indictment was filed against [her] that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine," (2) she "was convicted of first degree or second degree murder following a trial," and (3) she "could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1170.95, subd. (a).)

Where a petition alleges each element necessary to make a prima facie case for relief under section 1170.95, a trial court is not required to accept those allegations at face value, but may also examine the record of conviction.  (*People v. Lewis* (2020) 43 Cal.App.5th 1128, 1138, review granted Mar. 18, 2020, S260598 (*Lewis*); see *People v. Tarkington* (2020) 49 Cal.App.5th 892, 899-

4

900, 908-909, review granted Aug. 12, 2020, S263219 (*Tarkington*); *People v. Edwards* (2020) 48 Cal.App.5th 666, 673-674, review granted July 8, 2020, S262481; *Drayton*, *supra*, 47 Cal.App.5th at p. 968; *People v. Torres* (2020) 46 Cal.App.5th 1168, 1178, review granted June 24, 2020, S262011; *People v. Verdugo* (2020) 44 Cal.App.5th 320, 329-330, review granted Mar. 18, 2020, S260493; but see *People v. Cooper* (2020) 54 Cal.App.5th 106, 119-121, review granted Nov. 10, 2020, S264684.) However, the contents of the record of conviction will defeat a defendant's prima facie showing only when the record "show[s] *as a matter of law* that the petitioner is not eligible for relief." (*Lewis*, at p. 1138, italics added; accord, *Drayton*, at p. 968; *Torres*, at p. 1177; *Verdugo*, at p. 333; see *People v. Cornelius* (2020) 44 Cal.App.5th 54, 58, review granted Mar. 18, 2020, S260410 (*Cornelius*) [record must show defendant is "indisputably ineligible for relief"].)

Defendant suggests that the trial court should have followed analogous habeas corpus procedure by assuming the truth of the petition's factual allegations in determining whether a prima facie showing of entitlement to relief was made. However, even in a habeas proceeding, a court is not required to assume the allegations are true if they are directly contradicted by the court's own records. (*In re Serrano* (1995) 10 Cal.4th 447, 456.)

Here, the trial court's records show that a jury found beyond a reasonable doubt that defendant was the actual killer and personally used a deadly weapon in completing the crime. Thus, the changes to sections 188 and 189 are inapplicable, and defendant is ineligible for resentencing under section 1170.95 as a matter of law. (See *Cornelius*, *supra*, 44 Cal.App.5th at p. 58;

5

*Tarkington, supra,* 49 Cal.App.5th at pp. 899, 910.) As the record of conviction establishes, as a matter of law, that defendant is not eligible for relief, the trial court did not err in denying the petition without further proceedings. Even if the trial court had followed an erroneous procedure as defendant claims, any error would be harmless beyond a reasonable doubt, as the record of conviction clearly establishes that defendant is ineligible for resentencing under section 1170.95 as a matter of law.

## DISPOSITION

The order of the superior court denying defendant's petition for resentencing under section 1170.95 is affirmed.


_____, J.
CHAVEZ

We concur:


_____, P. J.
LUI


_____, J.
HOFFSTADT

6